UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ORTIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOUG V. MULL, et al.<br><br>　　　　　Defendants. | No.  2:25-cv-0028-DC-CKD (PS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Henry Ortiz initiated this action on January 2, 2025, with a pro se complaint and a motion to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. This matter was referred to a magistrate judge pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　On January 8, 2025, plaintiff filed a petition for injunctive relief which the court construes as seeking a temporary restraining order or a preliminary injunction under Rule 65(b) of the Federal Rules of Civil Procedure. (ECF No. 3.) On January 16, 2025, this case was reassigned to the undersigned magistrate judge. (ECF No. 5.) For the reasons set forth below, the complaint fails to state a federal claim and therefore fails to invoke the court's subject matter jurisdiction. The motion for injunctive relief should be denied. The complaint must be dismissed, but plaintiff is granted an opportunity to amend.

**I.      Allegations in the Complaint**

Plaintiff brings claims against defendants who are various individuals alleged to be associated with one of the following: Lewis Management Corp., Homecoming at Creekside Apartments, or Evergreen Park Apartments. (ECF No. 1 at 3.) The complaint asserts two causes of action: (1) "First Amendment Retaliatory Action" and (2) "Fourteenth Amendment, Breach of Contract." (Id. at 5 & 9.)

Under the complaint's allegations for plaintiff's first cause of action, plaintiff's non-profit partner, Ms. Robinson, and her family were wrongfully evicted from her residence at Homecoming at Creekside Apartments, where plaintiff was a frequent visitor. (ECF No. 1 at 4, 21.) Prior to the wrongful eviction, defendant Meglashan engaged in a calculated campaign of retaliation and harassment against plaintiff which included wrongfully towing plaintiff's vehicles from the grounds on multiple occasions. (Id. at 5-8.)

Under the complaint's allegations for the second cause of action, plaintiff leased an apartment at Evergreen Park Apartments ("EPA") in Sacramento, California. (ECF No. 1 at 9.) During plaintiff's tour, and during lease negotiations, defendants Nakken and Muniz made several promises which were not upheld. (Id. at 9-13.) When plaintiff complained to outside agencies and sought legal advocacy support about EPA's practices and breaches of contract, he was retaliated against with two three-day notices containing false information and, eventually, a constructive eviction. (Id. 13.) Plaintiff also began receiving parking citations from defendant Graff. (Id. at 14.)  In June of 2024, defendant Haylor gave plaintiff a three-day notice to fix or quit which identified four alleged violations. (Id. at 15-16.) Even though plaintiff remedied two violations and provided evidence that the other two were untrue, defendant Haylor refused to acknowledge plaintiff had cured all alleged issues. (Id.) In fear of receiving an eviction on his record, plaintiff had no choice but to submit a 30-day notice to move out. (Id.) The notice was signed with multiple promises from defendant Haylor regarding move out costs which were not upheld. (Id.)

////

////

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000) (en banc). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). In addition, the court liberally construes pro se pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122).

## III. Discussion

The complaint asserts this court has subject matter jurisdiction on the basis of a federal question, and plaintiff asserts claims of breach of contract and violations of his rights under the First and Fourteenth Amendments. However, the complaint fails to state any viable federal cause of action, including under 42 U.S.C. § 1983.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity of citizenship[1] or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. The presumption is against jurisdiction and "the burden of establishing the contrary rests upon

---

[1] Plaintiff's address of record is in California and each defendant is alleged to be located in California. (See ECF No. 1 at 63.) Plaintiff does not allege that diversity jurisdiction exists under 28 U.S.C. § 1332 and the complaint contains no such indication. See Kanter v. Warner–Lambert Co., 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof.")

3

the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen, 511 U.S. at 377).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A federal question exists if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. See Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1055 (9th Cir. 2019); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

As to the alleged violations of plaintiff's constitutional rights, it is well-established that "most rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982). Thus, private conduct usually does not violate the Constitution. See id. at 930 ("the Due Process Clause protects individuals only from governmental and not from private action"); Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974) (reaffirming that "the Fourteenth Amendment offers no shield" against "private conduct, however discriminatory or wrongful"); George v. Pac.–CSC Work Furlogh, 91 F.3d 1227, 1229 (9th Cir. 1996) ("the First Amendment protects individuals only against government, not private, infringements"). Such conduct by private individuals or entities is only actionable if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).

To state a claim for a violation of federal constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state

law. See West v. Atkins, 487 U.S. 42, 48 (1988). Thus, 42 U.S.C. § 1983 is a proper vehicle for claims asserting violations of the First Amendment and Fourteenth Amendment; however, plaintiff does not name any defendant who can be sued under this statute.

Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). Conclusory allegations are insufficient to establish state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008). Here, the defendants are private citizens, and plaintiff's allegations do not in any way suggest they engaged in conduct by or for a state government. To the contrary, landlords and their employees or agents generally are not state actors and do not act under color of law. See Hernandez v. Cnty. of Los Angeles, No. 2:21-CV-07858-PA-JC, 2022 WL 17216582, at *16 (C.D. Cal. Sept. 14, 2022) (apartment complex, its employees, and its owner were not state actors and did not act under color of state law). Accordingly, plaintiff does not make out a section 1983 claim against any defendant.

In addition, breach of contract is not a federal cause of action on its own. See Gully v. First Nat'l Bank, 299 U.S. 109, 114 (1936) (holding a contract that is "valid and enforceable without reference to a federal law" does not implicate any federal question and therefore does not satisfy federal question jurisdiction); Agullard v. Principal Life Ins. Co., 685 F. Supp. 2d 947, 953 (D. Ariz. 2010) ("breach of contract [is a] state-law claim[ ] that provide[s] no basis for federal question jurisdiction"); Gonsalves v. Glauberman, No. CV 22-00322 LEK-RT, 2022 WL 4613026, at *2 (D. Haw. Sept. 30, 2022) (holding that federal question jurisdiction was lacking because a fraud claim, a wrongful eviction claim, and a breach of contract claim were all state law claims). Accordingly, the complaint fails to state a viable federal cause of action and therefore fails to invoke the court's subject matter jurisdiction with a federal question.

### IV. Petition for Injunctive Relief

On January 8, 2025, plaintiff filed the petition for injunctive relief. (ECF No. 3.) Plaintiff seeks a stay of the Superior Court proceedings in case No. 24UD000789, and an order granting injunctive relief against the defendants at the Evergreen Park Apartments preventing any further

1  debt collections, penalties, or adverse actions related to the alleged debt. (ECF No. 3 at 1.)

2  At the outset, the Eastern District of California's local rules impose specific requirements
3  on those who request a temporary restraining order. See Local Rule 231. Plaintiff has not met
4  these requirements. See also Fed. R. Civ. P. 65(b)(1) (setting forth the circumstances under which
5  a court may issue a temporary restraining order "without written or oral notice to the adverse
6  party").

7  In addition, the court cannot issue the requested relief of staying the pending unlawful
8  detainer action. This court must abstain from interference with the pending state-court action
9  under the doctrine of Colorado River Water Conservation District v. United States, 424 U.S. 800
10  (1976). See Scherbenske v. Wachovia Mortg., FSB, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009)
11  (abstaining from interfering with state unlawful-detainer action).

12  Moreover, since plaintiff has not stated a cognizable claim, plaintiff cannot show a
13  likelihood of success on the merits as required for preliminary injunctive relief to issue. See
14  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (setting forth the factors a court
15  considers in deciding whether to issue a temporary restraining order); Stuhlbarg Int'l. Sales Co. v.
16  John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary
17  restraining orders and preliminary injunctions is "substantially identical"). Likelihood of success
18  on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the
19  other factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a
20  likelihood of success on the merits, plaintiff cannot establish that a temporary restraining order or
21  preliminary injunction is appropriate. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th
22  Cir. 2009) (citing Winter, 555 U.S. at 20). Accordingly, the petition for injunctive relief should be
23  denied.

24  **V.    Order and Recommendation**

25  The complaint must be dismissed because it fails to state a federal claim and fails to
26  invoke the court's subject matter jurisdiction. To the extent plaintiff seeks a remedy for breach of
27  contract, this suit belongs in state court. Although it appears the deficiencies in the complaint
28  cannot be remedied, plaintiff is granted an opportunity to amend. See Lucas v. Dep't of Corr., 66

F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If plaintiff is unable to cure the deficiencies identified in this order, plaintiff may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) which will terminate this action as a matter of law.

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3. Within 30 days of the date of this order, plaintiff shall file either an amended complaint curing the deficiencies identified in this order or a notice of voluntary dismissal; failure to comply with this order will result in a recommendation that this action be dismissed.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's petition for injunctive relief (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, orti25cv0028.scrn.tro