1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    HENRY ORTIZ,                                      No.  2:25-cv-0028-DC-CKD (PS)

12                    Plaintiff,

13        v.                                            ORDER

14    DOUG V. MULL, et al.

15                    Defendants.

16

17        Plaintiff Henry Ortiz proceeds pro se and in forma pauperis. This matter is referred to the

18    undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended

19    complaint ("FAC") filed on May 8, 2025 (ECF No. 10) is before the court for screening.

20        **I.        Screening Requirement**

21        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

22    proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

23    claim on which relief may be granted," or "seeks monetary relief against a defendant who is

24    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

25    (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

26    See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

27        A complaint must contain "a short and plain statement of the claim showing that the

28    pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

                                                     1

1   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2   conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as

4   true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge

5   unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

6   (internal quotation marks and citation omitted).

7           Pro se litigants are entitled to have their pleadings liberally construed and to have any

8   doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially

9   plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

10  allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.

11  Iqbal, 556 U.S. at 678.

12          **II.    Allegations in the First Amended Complaint**

13          Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD"). (ECF No. 10 at 2.)

14  Defendants are individuals alleged to be agents or employees associated with Homecoming at

15  Creekside Apartments or Evergreen Park Apartments. (Id. at 3-4.)

16          Plaintiff frequently visited his nonprofit partner, Ms. Robinson, at Homecoming at

17  Creekside Apartments. (ECF No. 10 at 4.) Following Ms. Robinson's contested eviction,

18  defendant Meglashan ordered the retaliatory towing of plaintiff's vehicle multiple times without

19  legal justification. (Id.)

20          Plaintiff subsequently rented a unit at Evergreen Park Apartments ("EPA"). (Id.) Leasing

21  agents Nakken and Muniz made promises regarding unit repairs, accommodations, and garage

22  parking access, none of which were fulfilled. (Id. ) After plaintiff filed administrative complaints

23  and consulted legal counsel, defendants retaliated with false accusations of violations and two

24  baseless three-day notices to cure or quit. (Id.) To avoid a formal eviction, plaintiff submitted a

25  30-day notice to vacate, and EPA staff made oral and written assurances that no further costs

26  would be imposed. (Id.) Defendants did not uphold their agreement and instead withheld deposits,

27  levied charges, and enlisted debt collectors. (ECF No. 10 at 5.) "Defendants aced in concert with

28  Sacramento Sheriff's Department, Sacramento Police Department, Eviction Court and code

2

1  enforcement to intimidate, surveil, and harass Plaintiff." (Id.) Plaintiff suffered harm in the form

2  of a constructive eviction and emotional distress. (Id.)

3      The FAC asserts six claims as follows: (1) Violation of Due Process Rights; (2) Violation

4  of Equal Protection; (3) Retaliation for Protected Conduct; (4) Violation of Americans with

5  Disabilities Act; (5) Breach of Contract; and (6) Intentional Infliction of Emotional Distress.

6  (ECF No. 10 at 5-12.)

7      **III.    Discussion**

8          **A.  ADA**

9      The Americans with Disabilities Act ("ADA") consists of Titles I–V, encompassing

10  employment, public entities, public accommodations, telecommunications, and miscellaneous

11  provisions. 42 U.S.C §§ 12111–12213. Plaintiff does not specify which Title of the ADA under

12  which he seeks relief, and no theory of relief clearly applies to the facts alleged. The court notes

13  the named defendants are not public entities. See 42 U.S.C.A. § 12131 (defining "public entity").

14  In addition, apartment residences and apartment complexes do not generally constitute public

15  accommodations within the meaning of the ADA. Moore v. Equity Residential Mgmt., L.L.C.,

16  No. 16-CV-07204-MEJ, 2017 WL 897391, at *3 (N.D. Cal. Mar. 7, 2017) (citing collected

17  cases); but see also Glenn v. Four Seasons Apartments, LLC, No. SACV-14-1027-AGR-NBX,

18  2015 WL 13916000, at *3 (C.D. Cal. Aug. 26, 2015) (an individual apartment is not a public

19  accommodation but a leasing or rental office could be). The FAC does not state a claim under the

20  ADA.

21          **B.  42 U.S.C. § 1983**

22      To state a claim for a violation of federal constitutional or statutory rights under 42 U.S.C.

23  § 1983, a plaintiff must allege (1) a right secured by the Constitution or laws of the United States

24  was violated, and (2) the alleged violation was committed by a person acting under color of state

25  law. See West v. Atkins, 487 U.S. 42, 48 (1988). The FAC fails to state a federal constitutional

26  claim.

27      First, plaintiff has not adequately alleged any defendant acted under color of state law. As

28  a general matter, landlords and their employees or agents are not state actors and do not ordinarily

1    act under color of law. See Hernandez v. Cnty. of Los Angeles, No. 2:21-CV-07858-PA-JC, 2022

2    WL 17216582, at *16 (C.D. Cal. Sept. 14, 2022) (apartment complex, its employees, and its

3    owner were not state actors and did not act under color of state law). Private conduct by private

4    individuals or entities is only actionable under 42 U.S.C. § 1983 if there is such a close nexus

5    between the State and the challenged action that seemingly private behavior may be fairly treated

6    as that of the State itself. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n,

7    531 U.S. 288, 295 (2001). Courts start with the presumption that private conduct does not

8    constitute governmental action, and a plaintiff bears the burden of establishing state action. See

9    Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

10          Here, plaintiff alleges generally that the defendants acted in conspiracy with state actors,

11    but a bare allegation of conspiracy does not suffice to plead state action. See Dietrich v. John

12    Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (conclusory allegations are insufficient to

13    establish state action). Slightly more specifically, plaintiff alleges defendant Meglashan "acted in

14    concert with Sacramento Police Department and Conde Enforcement and ordered the towing of

15    Plaintiff's vehicle without cause or hearing." (ECF No. 10 at 6.) However, such an allegation

16    remains far too conclusory to allege conduct under color of state law.

17          Second, plaintiff has not adequately alleged a violation of his federal rights in the form of

18    a procedural due process or equal protection violation. To state a procedural due process claim, a

19    plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest,

20    and (2) a denial of adequate procedural protections. Kildare v. Saenz, 325 F.3d 1078, 1085 (9th

21    Cir. 2003); see Bd. of Regents v. Roth, 408 U.S. 564, 569-70 (1972). To state a claim for a

22    violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show

23    the defendants acted with an intent or purpose to discriminate against the plaintiff based upon

24    membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th

25    Cir. 2005).

26          Plaintiff alleges the towing of his vehicle without a hearing violated his due process

27    rights, but due process does not require a pre-towing hearing. See Goodman v. City of Santa

28    Rosa, 83 F.3d 427 (9th Cir. 1996). Plaintiff does not allege any specific circumstances about the

4

1    vehicle towing that would raise due process issues even if the action was taken under color of

2    law. Merely alleging the towing was retaliatory and without legal justification sets forth a

3    conclusion rather than the facts supporting the conclusion and does not suffice to plead

4    deprivation of a right to due process. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels

5    and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

6    does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

7    enhancement.'") (quoting Twombly, 550 U.S. at 555 & 557).

8        Plaintiff also alleges in conclusory fashion defendants "denied housing-related services

9    routinely granted to other tenants without disabilities"; "selectively enforced policies and

10    retaliated with notices not issued to similarly situated residents"; "engaged in targeted

11    enforcement by issuing citations unsupported by factual evidence"; and "towed Plaintiff's vehicle

12    in retaliation for his disability-related advocacy[.]" (ECF No. 10 at 7-8.) Again, even if the FAC

13    adequately alleged defendants acted under color of state law, these allegations are too conclusory

14    and lack the factual specificity necessary to show the defendants acted with an intent or purpose

15    to discriminate. See Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir.

16    1998) (a plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts

17    that are at least susceptible of an inference of discriminatory intent").

18                            **C.  Retaliation**

19        Plaintiff seeks to bring a claim of "Retaliation for Protected Conduct" under 42 U.S.C.

20    §1983 and alleges defendants took adverse actions against him consisting of issuing retaliatory

21    notices, harassment, vehicle towing, surveillance, and constructive eviction. (ECF No. 10 at 8.)

22    As set forth above, plaintiff has not adequately alleged state action to proceed on claim under 42

23    U.S.C. § 1983. The court also screens the FAC for a retaliation claim under the Fair Housing Act

24    and finds no claim is stated.

25        To make out a prima facie case of retaliation under the Fair Housing Act, plaintiff must

26    establish (1) that he engaged in a protected activity, (2) an adverse housing consequence causally

27    linked to that activity and (3) resulting damage. San Pedro Hotel Co., Inc. v. City of Los Angeles,

28    159 F.3d 470, 477 (9th Cir. 1998). The FAC's allegations of retaliation are wholly conclusory and

5

1    do not adequately identify what specific misconduct the defendants took. There also are no facts

2    alleged that suggest any link between plaintiff's protected acts and defendants' misconduct.

3    Plaintiff would need to allege far more by way of factual content to "nudg[e]" his [retaliation]

4    claim… across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570.

5                              **D.  Fair Housing Act**

6            Although the FAC does not specify that plaintiff seeks to bring any claims under the Fair

7    Housing Act ("FHA"), the court liberally construes the pleading, screens for any such claims, and

8    finds no such claims are stated. The FHA makes it illegal "[t]o discriminate against any person in

9    the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services

10   or facilities in connection with such dwelling, because of a handicap of [¶]…that person[.]" 42

11   U.S.C. § 3604(f)(2). A plaintiff can establish a disability discrimination claim under a theory of

12   disparate treatment, disparate impact, or failure to make reasonable accommodations. <u>See</u>

13   <u>Budnick v. Town of Carefree</u>, 518 F.3d 1109, 1114 (9th Cir. 2008). Based on plaintiff's

14   allegations, if he sought to proceed under the FHA, it appears he might seek to proceed under a

15   theory of disparate treatment or failure to make reasonable accommodations.

16           To plead a disparate treatment claim, a plaintiff must allege facts showing that: "(1)

17   plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's

18   discriminatory conduct, plaintiff has suffered a distinct and palpable injury." <u>Harris v. Itzhaki</u>,

19   183 F.3d 1043, 1051 (9th Cir. 1999). "Disparate treatment [under the FHA] requires some

20   showing of discriminatory intent on the part of the defendants[.]" <u>McDonald v. Coldwell Banker</u>,

21   543 F.3d 498, 505 n.7 (9th Cir. 2008). Accordingly, a plaintiff must also plead facts

22   demonstrating the existence of a similarly situated person who was treated better than the plaintiff

23   was, or that "a discriminatory reason more likely than not motivated the defendant and that the

24   defendant's actions adversely affected the plaintiff in some way." <u>Pac. Shores Properties, LLC v.</u>

25   <u>City of Newport Beach</u>, 730 F.3d 1142, 1158 (9th Cir. 2013) (internal quotation marks and

26   citation omitted).

27           To plead a failure to accommodate claim, a plaintiff must allege facts demonstrating that

28   (1) he suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendants knew or

                                         6

reasonably should have known of his handicap; (3) accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

Plaintiff's conclusory allegations do not demonstrate how defendants knew or reasonably should have known of plaintiff's handicap or that plaintiff communicated he had a handicap to the defendants. The FAC also does not plead facts demonstrating the existence of any similarly situated person who was treated better than plaintiff was, or that a discriminatory reason more likely than not motivated the defendants. The FAC also does not plead facts showing the defendants refused to make accommodation for a handicap which was necessary to afford plaintiff an equal opportunity to use and enjoy the dwelling. The FAC's conclusory allegations of housing discrimination fail to state a claim under the FHA.

### E.  State-Law Claims

Plaintiff also brings state-law claims for breach of contract and intentional infliction of emotional distress. (ECF No. 10 at 10-11.) The asserted jurisdictional basis for these claims is supplemental jurisdiction under 28 U.S.C. § 1367. (Id. at 3.) Because of the deficiencies set forth above, the undersigned is dismissing with leave to amend all of plaintiff's federal claims. The court will not at this time exercise supplemental jurisdiction over plaintiff's state law claims for breach of contract and intentional infliction of emotional distress. See 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction").

### IV.    Conclusion and Order

For the reasons set forth above, the FAC must be dismissed. However, plaintiff is granted another opportunity to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled

1    to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the

2    action."). In the alternative, if plaintiff is unable to cure the deficiencies identified in this order,

3    plaintiff may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)

4    which will terminate this action as a matter of law.

5          In accordance with the above, IT IS HEREBY ORDERED as follows:

6       1.  Plaintiff's first amended complaint (ECF No. 10) is dismissed with leave to amend.

7       2.  Within 30 days of the date of this order, plaintiff shall file either a further amended

8           complaint curing the deficiencies identified in this order or a notice of voluntary

9           dismissal; failure to comply with this order will result in a recommendation that this

10          action be dismissed.

11   Dated:  July 25, 2025

12                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE
13

14

15   8, orti25cv0028.scrn.fac

16

17

18

19

20

21

22

23

24

25

26

27

28