UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY ORTIZ,

          Plaintiff,

    v.

DOUG V. MULL, et al.

          Defendants.

No.  2:25-cv-0028-DC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Henry Ortiz proceeds pro se and in forma pauperis. This matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") is before the court for screening. The undersigned will recommend the SAC be dismissed without further leave to amend for failure to state a claim.

## I.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

////

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

**II.     Allegations in the First Amended Complaint**

Plaintiff is a 45-year-old social-justice advocate who suffers from PTSD, a broken leg, and a chronic back injury that limits mobility. (ECF No. 14 at 2.) Plaintiff frequently visited his partner, Ms. Robinson, a tenant at Homecoming at Creekside Apartments. (ECF No. 14 at 3.) On-site staff, including a night-watch employee, surveilled and harassed them. (Id.) On March 1, 2023, Homecoming at Creekside staff called the Sacramento Police Department about plaintiff's car alarm and three officers threatened to tow his vehicle even though it was lawfully parked in a common street parking lot. (Id.) A few weeks later, Homecoming staff contacted Sacramento Police Department and had plaintiff's vehicle towed without cause based upon lies that it was a stolen car even though there were no reports of the car being stolen by the owner. (Id.) In February 2024, Ms. Robinson was evicted in retaliation for her association with plaintiff and their advocacy for police accountability and housing rights. (Id.)

In May 2024, plaintiff leased a unit at Evergreen Park Apartments under defendants Mull and Hailer. (ECF No. 14 at 3.) Plaintiff requested a ground-floor unit, garage for mobility storage, and Jacuzzi access for therapy, but defendants failed to honor the requests, gave him a unit with

2

broken appliances, and increased his rent by $130 for "upgraded amenities" that were not provided. (Id.)

On June 1, 2024, plaintiff filed complaints with and/or sought help from housing advocacy organizations, HUD and the Civil Rights Department. (ECF No. 14 at 4.) Within weeks, defendants retaliated by surveillance, false three-day notices to cure or quit, disabling plaintiff's online payment portal, and issuing parking citations despite a valid placard without warning. (Id.) Defendants knew plaintiff was a public advocate who made public comments to the Sacramento Community Review Commission in support of an ACLU report criticizing Sacramento police department for racial profiling on February 22, 2024. (Id.)

Defendants used the Sacramento County Sheriff's Department to issue towing warnings and citations against plaintiff's cars on public streets in August 2024 and filed an unlawful detainer case after plaintiff had already vacated in August 2024. (ECF No. 14 at 4.) The case was dismissed, but defendants sent the account to debt collectors for $5,000 in false charges. (Id.) As a result of the defendants' actions, plaintiff suffered severe emotional distress, PTSD flare-ups, insomnia, and three emergency room visits. (Id.)

The SAC asserts three claims as follows: (1) Disability Discrimination [Fair Housing Act, 42 U.S.C. § 3604(f)(2)]; (2) Retaliation [Fair Housing Act, 42 U.S.C. § 3617]; and (3) First Amendment Retaliation [42 U.S.C. § 1983]. (ECF No. 14 at 5-6.) Defendants are Doug Mull, Regional Manager for Lewis Management Corporation; Karissa Hailer, Property Manager of Evergreen Park Apartments; and Lewis Management Corporation, as owner and operator of the apartment communities described in the SAC. (Id. at 2.) Plaintiff seeks damages. (Id.)

**III.    Discussion**

**A. Disability Discrimination (FHA)**

The Fair Housing Act ("FHA") makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶]...that person[.]" 42 U.S.C. § 3604(f)(2). The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such

3

an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

The prima facie elements of a disability discrimination claim based on disparate treatment, are the following: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999). "Disparate treatment [under the FHA] requires some showing of discriminatory intent on the part of the defendants[.]" McDonald v. Coldwell Banker, 543 F.3d 498, 505 n.7 (9th Cir. 2008). A plaintiff must either demonstrate the existence of a similarly situated person who was treated better or that "a discriminatory reason more likely than not motivated the defendant and that the defendant's actions adversely affected the plaintiff in some way." Pac. Shores Properties, LLC v. City of Newport Beach, 730 F.3d 1142, 1158 (9th Cir. 2013) (internal quotation marks and citation omitted).

A prima facie failure to accommodate claim requires a plaintiff to demonstrate (1) he suffers from a handicap as defined in 42 U.S.C. § 3602(h); (2) the defendants knew or reasonably should have known of his handicap; (3) accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997).

Plaintiff alleges defendants, generally, were aware of his conditions "through medical documentation and oral requests for reasonable accommodation." (ECF No. 14 at 2.) However, the SAC lacks specific facts such as what medical documentation the named defendants saw or were aware of that gave them notice of plaintiff's "conditions," and when. The SAC does not set forth any specific oral requests for reasonable accommodation plaintiff made, to whom, or when. The SAC fails to allege specific facts from which the court can draw the inference that the challenged conduct attributed to the defendants was undertaken "because of" plaintiff's handicap. See 42 U.S.C. § 3604(f)(2). Plaintiff's conclusory allegations are the type of pleading forbidden by Twombly and Iqbal. See Drawsand v. F.F. Props., L.L.P., 866 F. Supp. 2d 1110, 1119 (N.D. Cal. 2011) (dismissing FHA claim premised on conclusory assertions).

////

4

**B.  Retaliation (FHA)**

Plaintiff's retaliation claim presents a closer call. A prima facie retaliation claim under the Fair Housing Act requires a plaintiff to show the following: (1) he engaged in a protected activity, (2) an adverse housing consequence causally linked to that activity and (3) resulting damage. See Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001). Plaintiff alleges he engaged in protected conduct in the form of complaining to HUD and seeking help from housing advocacy organizations. He also alleges that, within weeks of this protected conduct, he suffered adverse housing consequences in the form of surveillance, false three-day notices to cure or quit, disablement of his online payment portal, parking citations and warnings, and an unlawful detainer case initiated at Evergreen Park Apartments.

Causation may be inferred from circumstantial evidence such as temporal proximity between protected activity and the allegedly retaliatory conduct. See, e.g., Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) (addressing retaliation claim in Title VII context). However, the court does not infer alleged retaliation was motivated by prior events solely on the basis of a chronology of events. See generally Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (rejecting "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'"). The facts alleged here are insufficient for the court to plausibly infer a causal link between plaintiff's protected acts and misconduct by the named defendants. The SAC does not contain any specific factual allegations about the conduct or knowledge of either individual defendant, Doug Mull or Karissa Hailer, related to plaintiff's retaliation claim. The SAC also does not allege any specific facts suggesting how knowledge of plaintiff's protected conduct can be attributed to defendant Lewis Management Corporation.

The court is cognizant that the prima facie case for a Fair Housing Act claim is an evidentiary standard, and not a pleading requirement. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1062 (9th Cir. 2004). Nevertheless, the SAC lacks sufficient factual content to "nudg[e] [the retaliation] claim… across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570. General and conclusory allegations that plaintiff suffered adverse housing consequences after he sought help from housing advocacy organizations and made unspecified complaints fall

short of stating a claim.

### C.  First Amendment Retaliation 42 U.S.C. § 1983

To state a claim for a violation of federal constitutional or statutory rights under 42 U.S.C. § 1983, a plaintiff must adequately allege (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Private conduct by private individuals or entities is only actionable under 42 U.S.C. § 1983 if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

Here, plaintiff alleges the private actor defendants acted jointly with state officers when they engaged law enforcement to tow and ticket plaintiff's vehicles and assist in retaliatory eviction and debt collection. (ECF No. 14 at 5-6.) A bare allegation of joint action does not suffice to plead state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (conclusory allegations are insufficient to establish state action). The SAC contains insufficient factual allegations to allege any conduct by the defendants that may be fairly treated as that of the State itself. See Hernandez v. Cnty. of Los Angeles, No. 2:21-CV-07858-PA-JC, 2022 WL 17216582, at *16 (C.D. Cal. Sept. 14, 2022) (apartment complex, its employees, and its owner were not state actors and did not act under color of state law). The SAC fails to state a claim for a violation of plaintiff's rights under the First Amendment.

### IV.    Conclusion and Recommendation

For the reasons set forth above, the SAC fails to state a claim. Twice previously, the court advised plaintiff of the deficiencies in the federal claims he seeks to bring based on these events. (ECF Nos. 6, 11.) In screening the first amended complaint, the court informed plaintiff of the standards for pleading the claims brought under the FHA and 42 U.S.C. § 1983. In support of those claims, plaintiff has pleaded substantially the same or similar factual allegations that were

pleaded in the first amended complaint. Thus, the undersigned concludes granting further leave to amend would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments). The dismissal should be without further leave to amend. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) (Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). However, if plaintiff believes he could allege additional specific facts to state a claim for relief, then plaintiff shall clearly state all those facts in any objections to these findings and recommendations.

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiff's second amended complaint (ECF No. 14) be dismissed without further leave to amend for failure to state a claim.

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 20, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 orti25cv0028.scrn.sac.fr

7