UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY ORTIZ,

          Plaintiff,

    v.

DOUG V. MULL, et al.

          Defendants.

No.  2:25-cv-0028-DC-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Plaintiff Henry Ortiz proceeds pro se and in forma pauperis. This case is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's third amended complaint ("TAC") is before the court for screening. The TAC states a disability discrimination claim and no other claims. The undersigned recommends this case proceed on the disability discrimination claim only and that all other claims be dismissed without leave to amend.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). To survive screening, a claim must

1

be facially plausible with sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

**II.     Allegations in the TAC**

Plaintiff is an individual residing in Sacramento County, California. (ECF No. 19 at 2.) Defendants are the property management company that owned and operated plaintiff's residential housing during the relevant period (Lewis Management Corp.), the on-site property manager (defendant Hailer), the regional manager with supervisory authority and responsibility for approving or ratifying enforcement and eviction related actions (defendant Mull), and Doe defendants. (Id.)

Plaintiff is a "qualified individual with disabilities" including Post-Traumatic Stress Disorder ("PTSD"), a chronic back injury, and mobility impairment due to a broken leg. (ECF No. 19 at 2.) These conditions substantially limit his major life activities, including walking, standing, stress regulation, and daily functioning. (Id. at 2.)

In or around May 2024, plaintiff provided medical documentation confirming his disabilities to defendant Hailer, both electronically and through in-person communications. (ECF No. 19 at 2.) Plaintiff requested the following reasonable accommodations: (a) "Accommodation related to accessible parking and vehicle use"; (b) "Consideration of mobility limitations" (c) "Protection from enforcement actions that would exacerbate his PTSD[.]" (Id. at 2.) Defendant Hailer acknowledged receipt of plaintiff's disability-related information and informed the other defendants. (Id. at 3.) Defendants refused to provide reasonable accommodations. (Id. at 5.)

Plaintiff filed complaints with the U.S. Department of Housing and Urban Development (HUD) and the California Civil Rights Department. (ECF No. 19 at 3.) Plaintiff also engaged in petitioning activity through public advocacy concerning housing and civil rights issues. (Id.)

After the defendants became aware of plaintiff's protected activity though "direct communications, notices from advocates, and internal management discussions[,]" defendants subjected plaintiff to adverse actions, including (a) disabling plaintiff's online rent payment portal; (b) issuing pretextual three-day notices; and (c) initiating disproportionate enforcement

actions not imposed on similarly situated tenants. (ECF No. 19 at 3.)

In addition, defendants "acted jointly" with Sacramento Police Department officers and/or the Sacramento County Sheriff's Department by knowingly providing false information with the intention of having law enforcement take adverse action against plaintiff as a means of retaliation, including through vehicle towing, citations, and investigatory contact. (ECF No. 19 at 4.)

The TAC asserts claims for (1) Disability Discrimination [42 U.S.C. § 3604(f)]; (2) Retaliation [42 U.S.C. § 3617]; and (3) First Amendment Retaliation – Joint Action [42 U.S.C. § 1983]. (ECF No. 19 at 4-5.) Plaintiff seeks damages. (Id. at 6.)

### III.    Discussion

#### A.  Retaliation (FHA)

A prima facie retaliation claim under the Fair Housing Act ("FHA") requires a plaintiff to show the following: (1) he engaged in a protected activity, (2) an adverse housing consequence causally linked to that activity and (3) resulting damage. See Walker v. City of Lakewood, 272 F.3d 1114, 1128 (9th Cir. 2001). Although causation may be inferred from circumstantial evidence such as temporal proximity between protected activity and the allegedly retaliatory conduct, see, e.g., Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987) (addressing retaliation claim in Title VII context), the court does not infer alleged retaliation was motivated by prior events solely on the basis of a chronology of events. See generally Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (rejecting "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'"). The facts alleged are insufficient for the court to plausibly infer a causal link between plaintiff's protected acts and defendants' alleged misconduct. The TAC lacks sufficient factual content to "nudg[e] [the retaliation] claim… across the line from conceivable to plausible[.]" Twombly, 550 U.S. at 570.

#### B.  First Amendment (42 U.S.C. § 1983)

Private conduct by private individuals or entities is only actionable under 42 U.S.C. § 1983 if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts start with the

presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011). A bare allegation of joint action does not suffice to plead state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (conclusory allegations are insufficient to establish state action).

Plaintiff alleges the private actor defendants acted jointly with state officers when they engaged law enforcement to ticket and tow plaintiff's vehicle and knowingly gave false information resulting in investigatory contact. The TAC does not adequately allege state action. See Augustus v. Cnty. of Los Angeles, No. 2:20-CV-11255-FLA-RAO-X, 2023 WL 2799117, at *7 (C.D. Cal. Mar. 24, 2023) (complaint failed to plead facts sufficient to show defendants were joint actors with the County based on allegations they made false reports and participated in unwarranted seizure) (aff'd, No. 23-55312, 2024 WL 743783 (9th Cir. Feb. 23, 2024)). Plaintiff fails to state a claim under 42 U.S.C. § 1983.

### C. Disability Discrimination (FHA)

The FHA makes it illegal "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of [¶]...that person[.]" 42 U.S.C. § 3604(f)(2). A prima facie failure to accommodate claim requires a plaintiff to demonstrate (1) he suffers from a handicap as defined in 42 U.S.C. § 3602(h);[1] (2) the defendants knew or reasonably should have known of his handicap; (3) accommodation of the handicap "may be necessary" to afford the plaintiff an equal opportunity to use and enjoy the dwelling; and (4) the defendants refused to make such accommodation. United States v. Cal. Mobile Home Park Mgmt., 107 F.3d 1374, 1380 (9th Cir. 1997).

The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination. DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua, 453 F.3d 1175, 1179

---

[1] The FHA defines a handicap as: "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

(9th Cir. 2006). Plaintiff adequately alleges he suffered from a handicap of which defendants knew or reasonably should have known. For screening purposes, plaintiff adequately alleges he requested and defendants refused to provide at least one reasonable accommodation which may have been necessary to afford him an equal opportunity to use and enjoy the dwelling. See generally, e.g., Ling v. City of Los Angeles, No. 11-CV-07774-SVW, 2012 WL 12845147, at *2 (C.D. Cal. July 6, 2012), aff'd sub nom. Mei Ling v. City of Los Angeles, Cal., 596 F. App'x 559 (9th Cir. 2015) (holding reasonableness of the plaintiff's requested accommodation for a specific floor plan could not be resolved at motion to dismiss stage due to the highly fact-specific nature of the inquiry).

## IV. Conclusion and Recommendation

For the reasons set forth above, the TAC states a disability discrimination claim under the FHA and no other claims. Three times previously, the court advised plaintiff of deficiencies in the claims pleaded based on these underlying events. (ECF Nos. 6, 11, 16.) It now clearly appears granting further leave to amend the other claims would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (leave to amend shall be freely given, but the court does not have to allow futile amendments).

In accordance with the above, IT IS RECOMMENDED that this case proceed on plaintiff's disability discrimination claim under the FHA in the third amended complaint and all other claims be dismissed without further leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

/////

/////

/////

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 orti25cv0028.scrn.tac.fr